1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   ROMAN URRUTIA,                         CASE NO. C09-215RSM

11                   Plaintiff,             ORDER GRANTING
                                            DEFENDANT'S MOTION FOR
12        v.                                PARTIAL SUMMARY JUDGMENT
                                            ON PLAINTIFF'S FMLA CLAIMS
13   BNSF RAILWAY COMPANY, a
     Delaware corporation, et al. ,
14
                     Defendant.
15

16

17        Plaintiff Roman Urrutia, a railroad employee, filed this action pursuant to the Federal

Employer's Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*, regarding injuries he sustained in the

course of his employment.  He also alleges violations of the Washington Law Against

Discrimination ("WLAD"), RCW 49.60;  the Wage Act, RCW 49.52.050, and the Family

Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, for matters unrelated to the

FELA claim.  Second Amended Complaint, Dkt. # 94.  The matter is now before the Court for

consideration of a motion for partial summary judgment on the FMLA claim filed by defendant

18

19

20

21

22

23

24

1   BNSF Railway ("BNSF").[1]  Dkt. # 121.  Defendant contends that plaintiff's FMLA claims are

2   barred by the applicable statute of limitations.   Plaintiff has opposed the motion and requests

3   oral argument.  The Court deems oral argument on this motion unnecessary and, for the reasons

4   set forth below, shall grant the motion.

5                                                  BACKGROUND

6          The facts relevant to this motion may be briefly stated.  Plaintiff began working for

7   BNSF in1996 and by 2005 had worked his way up to a position as foreman, an "exempt" (non-

8   union, salaried) position, in Spokane, Washington.   On December 6, 2005, he telephoned his

9   supervisor Terrance Gay and advised him that his mother was dying of cancer and he needed to

10  travel to Seattle to care for her.  Mr. Gay, after determining that plaintiff did not have any

11  available vacation time, authorized three days of sick leave, with any additional time needed to

12  be put in as FMLA leave.[2]  On December 7, plaintiff filled out and faxed to defendant his FMLA

13  application to defendant, requesting leave to care for his mother from December 14 to an

14  unknown future date.  The request was provisionally approved on December 9, 2005.

15  Declaration of Bahareh Samanian, Dkt. # 126, Exhibit 12, 14.

16          Plaintiff's mother died on December 7, 2005, but plaintiff did not contact Mr. Gay again

17  to advise him of that fact until December 14, 2005.   Mr. Gay authorized three additional days of

18  _____

19      [1] An earlier summary judgment motion on this basis was denied without prejudice as
    premature, as the parties were still in discovery and the facts insufficiently developed.  Order,
20  Dkt. # 90.
        [2] In his factual recitation in opposition to this motion, plaintiff asserts that "Gay refused
21  to allow Urrutia to leave and required him to work the next day."  Plaintiff's Opposition, Dkt. #
    130, p. 4.  None of the citations provided by plaintiff support this statement.  Declaration of
22  Bahareh Samanian, Dkt. # 126, Exhibit 1 at 136:13-16;  242:22 to 243:11;  Dkt. # 126, Exhibit
    10.  Instead, they confirm that the leave request was granted.  Plaintiff stated at his deposition,
23  "Terrance Gay was my supervisor at that time.  And communicated with him the status of my
    mother, and I was granted the okay to go to Seattle and be with my mother."  Dkt. # 126, Exhibit
24  1, at36:13-16.

1   compassionate leave, until December 17, 2005.  The provisional FMLA leave authorization was

2   cancelled on December 19, 2005, as it was no longer applicable.  *Id.*

3         Plaintiff was due back at work on December 18, 2005.  On that day, he called Mr. Gay

4   and left a voicemail stating that he needed additional leave to care for his ill father in Seattle.

5   Declaration of Terrance Gay, Dkt. # 33, ¶ 7.  Plaintiff asserts that he contacted the benefits

6   processing team to request additional FMLA leave on December 19, but that the necessary forms

7   were sent to his address in Spokane, so he did not receive them.  *See,* Declaration of Bahareh

8   Samanian, Dkt. # 126, Exhibit 17 (copy of the envelope).   Plaintiff next contacted Mr. Gay on

9   December 27, 2005, when he left a voicemail stating that he would be exercising FMLA leave

10   until January 11, 2006.  Declaration of Terrance Gay, Dkt. # 33, ¶ 8.  Plaintiff states in his

11   deposition that he sent the new FMLA request to defendant by mail, but does not state when he

12   did so.  Declaration of Bahareh Samanian, Dkt. # 126, Exhibit 1, p. 37, lines 3-5.  Defendant

13   never received the forms, and on January 4, 2006, Mr. Gay sent plaintiff a certified letter

14   advising him that he needed to complete the FMLA forms by January 13, 2006 or be considered

15   absent without authority and subject to discipline, up to and including termination.  Declaration

16   of Terrance Gay, Dkt. # 33, ¶ 10, Exhibit 1.  Mr. Gay enclosed the necessary FMLA forms for

17   plaintiff fill out.  *Id.*   Plaintiff received this letter on January 10, 2006.

18         Mr. Gay and plaintiff continued to communicate by voicemail.  On January 9, after

19   receiving a late-night voicemail from plaintiff, Mr. Gay left a message on plaintiff's cell phone

20   stating that he needed to talk to him personally.  Declaration of Terrance Gay, Dkt. # 33, ¶¶ 11,

21   12.  Plaintiff left another late-night voicemail on January 12, 2006, explaining that he was having

22   difficulty in obtaining the medical certification required for the FMLA request from his father's

23

24

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S
FMLA CLAIMS - 3

1    medical providers at the Veteran's Administration.  *See*, Plaintiff's Opposition, Dkt. # 130, p. 8.

2    Plaintiff did not submit the required paperwork by the January 13, 2006 deadline.

3         Mr. Gay sent plaintiff another letter on January 18, 2006, stating that he had been placed

4    on unpaid leave, and instructing him to call in person and to submit complete FMLA paperwork

5    by January 25, 2006.  Declaration of Terrance Gay,  Dkt. # 33, ¶ 17.  Plaintiff appeared for work

6    on January 20, 2006.  When he learned of this, Mr. Gay called plaintiff and told him to finish up

7    what he needed to and then go and pick up the January 18, 2006 letter at the post office.  Plaintiff

8    called Mr. Gay after picking up the letter, and Mr. Gay advised him of the requirements for

9    obtaining FMLA leave.  *Id*., ¶ 19.  Plaintiff indicated that he understood.  *Id*.

10        On January 20, 2006, plaintiff filled out and signed a new FMLA application, requesting

11   intermittent leave to care for his father for an unknown period beginning December 7, 2005.

12   Declaration of Bahareh Samanian, Dkt. # 126, Exhibit 26.   Plaintiff's request was provisionally

13   approved on January 23, 2006, for leave from January 25, 2006 forward, but not extending back

14   to December 7.  *Id*., Exhibits 27, 28.  Plaintiff was required to provide medical certification of

15   his father's need for care by February 13, 2006.  *Id*.  Plaintiff timely submitted the required

16   documentation, but it only established that plaintiff's father, diagnosed with carotid stenosis,

17   needed care on four individual days per month when receiving treatments, plus a three-day

18   period from February 16 through February 18, 2006 following  planned surgery.  *Id*., Exhibit 29.

19   Nothing in the medical certification addressed plaintiff's continuous absence from work from

20   December 17, 2005, through January 19, 2006.

21        On February 9, 2006, plaintiff appeared at work and spoke with Mr. Gay.  Mr. Gay

22   advised plaintiff at that time that his exempt position with BNSF was terminated for the

23   unauthorized absences, although he remained eligible for a non-exempt position through his

24

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S
FMLA CLAIMS - 4

1    union seniority.  Declaration of Terrance Gay, Dkt. # 33, Exhibit 3.  The letter advised plaintiff

2    that he "should submit any claims, disputes, or issues related to or arising out of this, through the

3    Internal Complaint Resolution Procedure."  *Id*.  Plaintiff was also advised that he could contact

4    Heather Pergament, Regional Director of Human Resources, for information on how to file the

5    Internal Complaint, and was provided with her telephone number.  *Id*.  A copy of the

6    termination/demotion letter was sent to Ms. Pergament.

7         On March 31, 2006, plaintiff sent an email, addressed "to whom it may concern" to

8    BNSF, asking that it be accepted as his "official complaint."  Declaration of Bahareh Samanian,

9    Dkt. # 126, Exhibit 16.  The email was forwarded to Ms. Pergament.  An investigation was

10   opened, and plaintiff submitted his formal internal complaint form on July 18, 2006.  *Id*., Dkt. #

11   33.  This was forwarded to Jennifer Williamson, who performed the investigation at Ms.

12   Pergament's request.  Declaration of Bahareh Samanian, Dkt. # 126, Exhibit 34.  Ms.

13   Williamson notified plaintiff by letter dated October 30, 2006 that there was "no finding of a

14   violation of BNSF's EEO policy and/or EEO laws."  Declaration of Debra Dickerson, Dkt. # 32-

15   2, pp. 22-23.  Specifically, with respect to the FMLA claim, she noted that "BNSF removed you

16   from your exempt position due to the fact that you did not comply with the FMLA requirements,

17   and you were absent without authority beginning December 18, 2006."  *Id*.

18        Plaintiff's complaint in this action was filed February 19, 2009.  Dkt. # 1.  Defendant has

19   moved for summary judgment of dismissal of the FMLA claim as barred by the applicable

20   statute of limitations.  Plaintiff has opposed the motion on the basis of his allegations in the

21   Second Amended Complaint,  that "[o]n or about October 30, 2006, Defendant BNSF formally

22   upheld its removal of Plaintiff from his exempt position," and "Defendant's decision to uphold

23   Plaintiff's termination was a willful violation of the FMLA when Defendant knew and/or

24

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S
FMLA CLAIMS - 5

1    showed a reckless disregard that its conduct was prohibited by the FMLA."  Second Amended

2    Complaint, Dkt. # 94, ¶¶ 75, 79.

3

4                                              **DISCUSSION**

5    **I.        Summary Judgment Standard**

6            Summary judgment is appropriate "if the pleadings, the discovery and disclosure

7    materials on file, and any affidavits show that there is no genuine issue as to any material fact

8    and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The

9    materiality of a fact is determined by the substantive law on the issue. *T.W. Elec. Serv., Inc. v.*

10   *Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987). The authenticity of a dispute is

11   determined by whether the evidence is such that a reasonable jury could return a verdict for the

12   nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

13           The moving party has the burden of establishing the absence of a genuine issue of

14   material fact. *Celotex Corp. v. Catrett*, 477 U .S. 317, 323 (1986). If the moving party shows the

15   absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings

16   and identify facts which show a genuine issue for trial. *Id*. at 324.

17           The Court must resolve all reasonable doubts as to the existence of genuine issues of

18   material fact against the moving party and construe all inferences drawn from the underlying

19   facts in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630. However,

20   the Ninth Circuit has refused to find a genuine issue of fact where the only evidence presented is

21   "uncorroborated and self-serving" testimony. *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th

22   Cir.1996).

23

24

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S
FMLA CLAIMS - 6

1

2      **II.      The FMLA**

3          The FMLA allows two general types of claims. First, it is unlawful for a covered

4   employer "to interfere with, restrain or deny the exercise of ... any right" provided under the

5   FMLA. 29 USC § 2615(a)(1) ("interference claim"). Second, it is "unlawful for any employer to

6   discharge or in any other manner discriminate against any individual for opposing any practice

7   made unlawful by" the FMLA. 29 USC § 2615(a)(2) ("retaliation claim").  Plaintiff's complaint

8   does not specify which section his claim falls under.  However, the facts alleged do not state a

9   retaliation claim under 29 USC § 2615(a)(2). This provision is violated only where the employer

10  takes some discriminatory action in response to an employee who opposes a practice made

11  unlawful by the FMLA.  *Bachelder v. Am. West Airlines, Inc.*, 259 F.3d 1112, 1124 (9th

12  Cir.2001).  This provision "[does] not cover visiting negative consequences on an employee

13  simply because he has used FMLA leave." *Id.*  When this occurs, the employee's only remedy is

14  an interference claim under 29 USC § 2615(a)(1). Moreover, if an employee's request for leave

15  was wrongfully denied, or an employer has in some way acted to discourage an employee from

16  taking leave, then the employee has an interference claim and not a retaliation claim. *Id.*;  29

17  CFR § 825.220.  Plaintiff's FMLA claim will therefore be considered an interference claim

18  under USC § 2615(a)(1).  To establish this type of interference claim under the FMLA,  plaintiff

19  must show that (1) he took "FMLA-protected leave"; and (2) it constituted "a negative factor" in

20  an adverse employment decision. *Bachelde*r, 259 F.3d at 1125.

21         The statute of limitations for FMLA claims is set forth at 29 U.S.C. § 2617, which states

22  in relevant part,

23         **(c) Limitation**

24

1   (1) In general

2  Except as provided in paragraph (2), an action may be brought under this section not
later than 2 years after the date of the last event constituting the alleged violation for
3  which the action is brought.

4   (2) Willful violation

5  In the case of such action brought for a willful violation of section 2615 of this title,
such action may be brought within 3 years of the date of the last event constituting
6  the alleged violation for which such action is brought.

7  29 U.S.C. § 2617(c)(1), (2).   Plaintiff was terminated from his exempt position on February 9,

8  2006, and this action was filed February 19, 2009, more than three years later.  His FMLA claim

9  is therefore barred unless he can demonstrate both a violation that occurred after February 19,

10  2006, and that the violation was willful.

11   **III.  Analysis**

12   The statute of limitations on FMLA claims begins to run on the date of "the last event

13  constituting the alleged violation for which the action is brought."  29 U.S.C. § 2617(c)(1).

14  Plaintiff contends, under a "continuing violation" theory, that the last event was the October 30,

15  2006 letter from Jennifer Williamson, notifying plaintiff of the result of the investigation of his

16  complaint.  That is not the law.  The last event of the alleged FMLA violation occurred on the

17  day plaintiff was notified of his termination from his exempt position.  The later investigation of

18  his complaint did not alter that date.

19   To determine the timeliness of an adverse employment action, the statute of limitations

20  must be measured from the time the plaintiff is notified of the alleged unlawful employment

21  practice.  The proper focus for the inquiry is on the date of occurrence of the unlawful act, not

22  the moment at which the operative decision becomes irrevocable. *Delaware State Coll. v. Ricks*,

23  449 U.S. 250, 259, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980).  "It should not be forgotten that time-

24

1   limitations provisions themselves promote important interests; 'the period allowed for instituting

2   suit inevitably reflects a value judgment concerning the point at which the interests in favor of

3   protecting valid claims are outweighed by the interests in prohibiting the prosecution of stale

4   ones.' " *Id.* at 259-60, 101 S.Ct. 498 (*quoting Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454,

5   464, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975)).

6        Thus, the mere possibility that a decisionmaker might reverse a final decision does not

7   delay the commencement of the running of the statute of limitations. *Ricks*, 449 U.S. at 260, 101

8   S.Ct. 498.  The statute runs from the final decision, not a tentative or preliminary one. *See*

9   *McCoy v. San Francisco, City & County*, 14 F.3d 28, 30 (9th Cir.1994).   The "focus remains on

10  the operative decision, even when further procedures might result in its reversal." *RK Ventures,*

11  *Inc. v. City of Seattle,* 307 F.3d 1045 (9th Cir. 2002).

12       Plaintiff has neither alleged nor shown that the February 9, 2006 termination letter was in

13  any way tentative or preliminary.  The fact that his internal complaint might later result in

14  reversal does not alter the fact that the statute of limitations began to run that day.  "The

15  existence of careful procedures to assure fairness ... should not obscure the principle that

16  limitations periods normally commence when the employer's decision is made." *Ricks*, 449 U.S.

17  at 261.  Plaintiff's FMLA claim, filed February 19, 2009, is therefore untimely even if he could

18  demonstrate a willful violation which would trigger the three-year statute of limitations.  The

19  Court therefore need not address plaintiff's allegations of willfulness.[3]

20

21

22  _____

23       [3] The Court has nevertheless carefully reviewed plaintiff's memorandum and exhibits,
    and finds that his conclusory allegations do not constitute evidence that presents a genuine issue
24  of material fact for trial on the question of willfulness.

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S
FMLA CLAIMS - 9

1

2

CONCLUSION

3

Defendant's motion for partial summary judgment on plaintiff's FMLA claim (Dkt. #

4

121) is GRANTED, and this claim is DISMISSED as barred by the applicable statute of

5

limitations.  29 U.S.C. § 2617(c)(1), (2).

6

This result is dispositive of plaintiff's motion for partial summary judgment on his

7

FMLA claim (Dkt. # 126), which is STRICKEN as moot.

8

9

Dated this 22nd day of October 2010.

10

11

12

RICARDO S. MARTINEZ

13

UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S
FMLA CLAIMS - 10