UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROMAN URRUTIA,

Plaintiff,

v.

BNSF RAILWAY COMPANY, a Delaware corporation, et al. ,

Defendant.

CASE NO. C09-215RSM

ORDER

This matter is before the Court for consideration of defendant BNSF's motion for partial summary judgment on plaintiff's claims of violation of the Washington Law Against Discrimination ("WLAD"), RCW 49.60 *et seq*., and violation of the Wage Act, RCW 49.52.050.[1] Dkt. # 128. Plaintiff has opposed the motion and has requested oral argument. The Court deems oral argument on this motion unnecessary and shall, for the reasons set forth below, grant in part, and deny in part, the motion for summary judgment.

[1] Defendant has also moved for summary judgment on plaintiff's claim under the Family Medical Leave Act, but that portion of the motion has been rendered moot by the Court's previous dismissal of that claim. Dkt. # 153.

BACKGROUND

Plaintiff's WLAD and Wage Act claims arise from a later period of time than was addressed in the Court's previous summary judgment Order, Dkt. # 153.[2] As noted there, plaintiff began working for defendant BNSF in 1996. Plaintiff alleges in his Second Amended Complaint that he was injured in a July 17, 2006 collision between the train upon which he was working and a truck that pulled into the path of the train at a crossing. He states that he sustained "severe and permanent injuries to his left shoulder, back, spine, legs, and the bones, muscles, tissues ligaments and internal parts thereof," and that he "was otherwise injured and permanently disabled." Second Amended Complaint, Dkt. # 94, ¶ 16. Plaintiff reported his injury to BNSF the following day, July 18, 2006. *Id*., ¶ 47.

Plaintiff continued to work for BNSF, and in late April 2008 he was diagnosed with colitis as a result of taking an antibiotic for strep throat. He requested and was granted medical leave from April 30, 2008 until May 9, 2008. Declaration of Ken Iverson, Dkt. # 34, ¶ 4. Plaintiff was provided with written notice of the period of leave, stating that he was expected to "mark up for duty at or before 2359 hours, May 9, 2008." *Id*., Exhibit 1. The notice further advised plaintiff that if he needed to extend the leave of absence, he was required to provide "a doctor's statement on letterhead stationary to my office before the expiration of the above referenced period that states your inability to perform any service. . . " *Id*.

---

[2] Plaintiff has objected to this second motion for summary judgment filed by defendant, contending that it violates the Court's Local Rules. While the Court's rule does say that the filing of multiple summary judgment motions is disfavored, the purpose of the rule is to prevent a party from circumventing the applicable page limits. Local Rule CR 7(e)(3). Defendant has filed alternative motions addressing plaintiff's FMLA claim, one addressing a time bar and one addressing the claim on the merits. Under the circumstances of this case, this does not violate the local rule.

Plaintiff did not return to work on May 9 as required. He alleges in his complaint that he spoke with manager David Bertholt on May 12, 2008 and informed him that he needed additional time off. Second Amended Complaint, Dkt. # 94, ¶ 49. On May 12, 2008, Mr. Iverson sent plaintiff another letter advising him that he was required to report for duty no later than Tuesday, May 22, 2008, or provide information to support his continued absence from duty. Again, Mr. Iverson requested a statement on physician's letterhead or prescription form indicating the need to be away from work, and the expected time of that leave. Declaration of Ken Iverson, Dkt. # 34, Exhibit 2. Plaintiff did not return to work on May 22, and on May 23, 2008 Mr. Iverson sent plaintiff a letter by certified mail advising him that he was now considered "out of service" pursuant to rule 16(c) of the agreement between BNSF and plaintiff's union, the Brotherhood of Railway Carmen. *Id.*, Exhibit 3, 4. In opposing the motion for summary judgment, plaintiff contends that his wife mailed the required medical documentation to BNSF on May 21, 2008, so his termination on May 23 violated the WLAD. Declaration of Bahareh Samanian, Dkt. # 38, Exhibits 11, 12.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the

burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. Matsushita *Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (non-moving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). See also Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir.1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial-e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc*., 809 F.2d at 630 (relying on Anderson, supra ). Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990).

**II. The Washington Law Against Discrimination**

The Washington Law Against Discrimination ("WLAD") protects employees from discrimination based on a disability. RCW 49.60.030(1). Under WLAD it is unlawful for an employer to discharge any employee because of the presence of any sensory, mental, or physical disability. RCW 49.60.180(2). Employers must reasonably accommodate a disabled employee who is able to perform the essential functions of the job, unless to do so would impose undue hardship on the employer. *Riehl v. Foodmaker, Inc.*, 152 Wash.2d 138, 145, 94 P.3d 930 (2004). These provisions give rise to disability discrimination claims under two theories-disparate treatment and failure to accommodate. " An employer who discharges, reassigns, or harasses for a discriminatory reason faces a disparate treatment claim; an employer who fails to accommodate the employee's disability, faces an accommodation claim. " *Pulcino v. Fed. Express Corp*, 141 Wash.2d 629, 640, 9 P.3d 787 (quoting *Hill v. BCTI Income Fund-I*, 97 Wash.App. 657, 667, 986 P.2d 137 (1999)).

Plaintiff has asserted both a claim of failure to accommodate (with respect to his back), and a claim of disparate treatment (with respect to his colitis). The two shall be addressed separately.

A. Failure to Accommodate

Plaintiff was in training as a student conductor on July 17, 2006 when the train on which he was working collided with a truck. This was a "low speed" impact and none of the four employees on the train (foreman, helper, engineer, and plaintiff, the trainee) reported injury at the time. Declaration of Bahareh Samanian, Dkt. # 37-5 (Exhibit 15). Plaintiff later reported verbally to his supervisor Kathy Ginter. Deposition of Roman Urrutia, Dkt. # 39-2 at 104. He filled out an injury report the following day. This report states that plaintiff

> [e]xperienced back pain (lower) after sitting on ecology block for a duration of time. Could this discomfort be a spin-off from train hitting a semi-truck at crossing---I do not know. Never experienced lower back discomfort with these particulars (back felt mis-aligned).

Declaration of Bahareh Samanian, Dkt. # 37-5. The report states that plaintiff did not seek medical treatment. *Id*.

Plaintiff sought care for his back from a chiropractor but continued in his conductor training. He was dismissed from the class after scoring low on a practice test. He then bid a position as carman at the Auburn, Washington facility. Declaration of Roman Urrutia, Dkt. # 139, Exhibit 1. While plaintiff continued working, he also continued to seek medical care for his back. BNSF maintained a file on his injury complaint. Various copies from this file appear in the record, but have not been properly authenticated. Declaration of Bahareh Samanian, Dkt. # 39-4.[3] Nevertheless, for the purpose of this analysis, the Court will accept these documents as true copies from plaintiff's records, indicating that he was undergoing care for his back, and that defendant maintained a file on his condition.

Under the WLAD, a claim based upon the failure to reasonably accommodate a disability requires a showing that " '(1) the employee had a sensory, mental, or physical abnormality that substantially limited his or her ability to perform the job; (2) the employee was qualified to perform the essential functions of the job in question; (3) the employee gave the employer notice of the abnormality and its accompanying substantial limitations; and (4) upon notice, the employer failed to affirmatively adopt measures that were available to the employer and

---

[3] Counsel's declaration simply states, "I am . . competent to testify as to all matters herein, and make the following statements based on my own personal knowledge. Attached hereto, please find Exhibit 1 through 38 as set forth in Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment." Declaration of Bahareh Samanian, Dkt. ## 36, 37, 38. Nowhere does counsel actually identify the documents or state that the exhibits are "true and correct" copies of actual records.

medically necessary to accommodate the abnormality.' " *Davis v. Microsoft Corp.*, 149 Wash.2d 521, 532, 70 P.3d 126 (2003) (emphasis omitted) (*quoting Hill v. BCTI Income Fund-I*, 144 Wash.2d 172, 192-93, 23 P.3d 440 (2001)). If a plaintiff employee fails to establish a prima facie case of discrimination through these four factors, the defendant employer is entitled to prompt judgment as a matter of law. *Hill v. BCTI Income Fund-I*, 144 Wash.2d at 181, 23 P.3d 440.

Defendant contends that plaintiff cannot meet the first requirement, that of demonstrating that his back "substantially limited" his ability to perform his job, because he testified at his deposition that were it not for his colitis, he could have performed his job in April of 2008. Declaration of Deborah Dickerson, Dkt. # 32-2, Deposition of Roman Urrutia, p. 268. To controvert this argument, plaintiff points to an "activity prescription form" filled by Jay Williams, M.D. on May 15, 2008, designating certain physical limitations for plaintiff. Declaration of Bahareh Samanian, Dkt. # 139, Exhibit 3. This assessment is dated May 15, 2008, when plaintiff was off work due to his colitis. Plaintiff never returned to work after that date. This form is wholly insufficient to demonstrate that plaintiff was limited by his back at any time before that date. Moreover, he may not create an issue of fact by contradicting his own sworn deposition testimony that but for the colitis, he could have performed his job. Plaintiff has thus failed to meet the first requirement of the four-part test for demonstrating a failure to accommodate a disability.

Nor has plaintiff demonstrated that he can meet the third and fourth requirements. As proof that his employer knew of his limitations, plaintiff points to the medical file maintained by BNSF. He also argues that case manager Joan Costa "clearly knew" that he was scheduled for back surgery in June of 2008. Plaintiff may not testify to what Ms. Costa knew; he may only

point to actual evidence of her knowledge, which he has not. Further, the third element of the four-part test requires not only that he inform his employer of his disability but also of its "accompanying substantial limitations." *Davis v. Microsoft Corp*., 149 Wash.2d at 532. He has not established that he advised his employer of any substantial limitations on his work activity at any time relevant to this claim. Nor has he demonstrated that he requested some type of accommodation with respect to his back, and that his request was denied.

Plaintiff has failed to establish a prima facie case of violation of the WLAD through failure to accommodate a disability. Defendant's motion for summary judgment with respect to the claim of failure to accommodate shall accordingly be denied.

B. Claim of Disparate Treatment

Plaintiff has also asserted a claim of disability discrimination in violation of the WLAD, arising from the May 23, 2008 termination letter. He contends that he was a member of a protected class (disabled), and that defendant subjected him to an adverse employment action when it terminated him for having a disability at that time. Second Amended Complaint, Dkt. # 94, ¶ 58, 62.

An employer cannot terminate an employee because of any sensory, mental, or physical disability. RCW 49.60.010, .180(2). Washington courts have adopted the *McDonnell-Douglas* three-part burden allocation framework for disability discrimination claims. *Anica v. Wal-Mart Stores, Inc.*, 120 Wash.App. 481, 488, 84 P.3d 1231 (2004). (*citing McDonnell-Douglas, Corp. v. Percy Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). Under the *McDonnell-Douglas* framework, plaintiff has the initial burden to prove a prima facie case. 411 U.S. at 802. If plaintiff establishes a prima facie case, the burden shifts to BNSF to present evidence of a legitimate nondiscriminatory reason for its actions. *Id*. at 803. The burden then shifts back to

Plaintiff to produce evidence that the asserted reason was merely a pretext. *Id*. at 805; *Anica*, 120 Wash.App. at 488, 84 P.3d 1231. Plaintiff carries the ultimate burden at trial to prove that discrimination was a substantial factor in BNSF's decision to subject him to disparate treatment. But, to survive summary judgment plaintiff need only show that a reasonable judge or jury could find that his disability was a substantial motivating factor for BNSF's adverse actions. *Hill v. BCTI Income Fund-I*, 144 Wash.2d 172, 185-87, 23 P.3d 440 (2001) (Hill II); *Wilmot v. Kaiser Aluminum and Chem. Corp*., 118 Wash.2d 46, 71-72, 821 P.2d 18 (1991).

In order to make out a prima facie case of disability discrimination, plaintiff must show that (1) he was disabled; (2) he suffered an adverse employment action; (3) he had performed satisfactorily; and (4) he was discharged under circumstances that raise a reasonable inference of unlawful discrimination. *Callahan v. Walla Walla Housing Authority*, 126 Wash.App. 812, 819, 110 P.3d 782 (2005) *citing Roeber v. Dowty Aerospace Yakima*, 116 Wash.App. 127, 64 P.3d 691 (2003); *Chen v. State*, 86 Wash.App. 183, 189, 937 P.2d 612 (1997).[4]

There is no dispute that plaintiff was disabled in early May, 2008, in that he was at least temporarily unable to work due to his colitis. Nor is there any dispute that he suffered an adverse employment action; he was terminated from his position with Mr. Iverson's May 23, 2008 letter. Plaintiff's discharge raises a reasonable inference that he was terminated on account of his disability. The May 23, 2008 letter from Ken Iverson stated that plaintiff was considered "out of service" because he failed to report for duty by May 22, 2008 as required, and failed to document his medical need. Declaration of ken Iverson, Dkt. # 34, Exhibit 3.

---

[4] An alternate statement for the fourth element is that (4) plaintiff was treated differently than someone not in the protected class. *Kirby v. City of Tacoma*, 124 Wash.App. 454, 468, 98 P.3d 827 (2004). The Court finds the *Callahan* statement better fits plaintiff's situation.

Defendants have advanced a non-discriminatory reason for plaintiff's termination, arguing that he failed to comply with the requirement that he document his medical need for leave beyond May 9, 2008. However, plaintiff has produced evidence that the asserted reason was merely a pretext, in the form of his wife's sworn declaration that she picked up a copy of the medical documentation at Dr. Jansen's office on May 21, 2008, and placed it in the mail that day. Declaration of Bahareh Samanian, Dkt. # 38, Exhibit 11. Defendants have not addressed their receipt of this letter with the documentation. Amphawady Urrutia's declaration and the form signed by Dr. Jansen, which declined to release him for work and extended his need for medical disability leave to June 4, 2008, create an issue of fact for the jury as to the propriety of defendant's action in terminating plaintiff on May 23, 2008. While defendant has raised a dispute regarding the note based on the fact that it bears two signatures by Dr. Jansen on two different dates, May 21 and May 22, 2008, Mrs. Urrutia's credibility cannot be questioned on summary judgment. The factual issues regarding the two dates on the note, the date of mailing, and the date of receipt by BNSF, all go to the ultimate question of whether plaintiff was improperly terminated in spite of a good faith effort to meet the May 22 deadline, and are all questions of fact for the jury.

Defendant's motion for summary judgment on plaintiff's WLAD claim regarding his colitis disability shall accordingly be denied.

**III. Wage Act Claim**

Plaintiff has asserted in the Second Amended Complaint a claim under the Wage Act, RCW 49.52, specifically RCW 49.52.050(2), which states in relevant part, that

> Any employer or officer, vice principal or agent of any employer, whether said employer be in private business or an elected public official, who

> . . .
>
> (2) Wilfully and with intent to deprive the employee of any part of his or her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract; . . .
>
> Shall be guilty of a misdemeanor.

RCW 49.52.050. Second Amended Complaint, Dkt. # 94, ¶ 65. The statute provides for a civil action by the "aggrieved employee" and liability by the employer for "twice the amount of the wages unlawfully rebated or withheld" together with costs of suit and reasonable attorney's fees. RCW 49.52.070.

Defendant BNSF has moved for summary judgment on the basis that plaintiff has nowhere identified what wages have been withheld. Defendant is correct. In opposing summary judgment on this claim, plaintiff contends that defendant violated this statute by withholding wages when it terminated him in May, 2008. That is not a cognizable claim under the Wage Act, which applies to wages earned for work done, not to wages which would have been earned had plaintiff's employment not been terminated. Such amounts are properly considered as damages under the WLAD and will be addressed there, not under the Wage Act.

Defendant's motion for summary judgment shall be granted as to this claim.

**IV. Motion to Strike**

Defendant has moved in its reply to strike Exhibits 1, 2, 3, 6, and 8 attached to the Declaration of Bahareh Samanian, Dkt. # 139, as not admissible. Defendant's Reply, Dkt. # 142. Plaintiff has not opposed the motion. While Exhibit 3 was considered by the Court with respect to plaintiff's claim of failure to accommodate, that consideration does not constitute a ruling on its admissibility. It was considered simply for the purpose of viewing the evidence in the light

most favorable to plaintiff. Defendant's motion to strike these exhibits shall accordingly be granted.

CONCLUSION

Defendant's motion for summary judgment on plaintiff's WLAD claim is GRANTED as to plaintiff's claim of failure to accommodate his back injury, and DENIED as to plaintiff's claim of disability discrimination based on his condition of colitis. Defendant's motion is GRANTED as to plaintiff's claim under the Wage Act, and that claim is DISMISSED. Defendant's motion to strike Exhibits 1, 2, 3, 6, and 8 attached to the Declaration of Bahareh Samanian, Dkt. # 139, is GRANTED.

DATED: November 1, 2010.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE