UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROMAN URRUTIA,<br><br>               Plaintiff,<br><br>   v.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation, et al. ,<br><br>               Defendant. | CASE NO. C09-215RSM<br><br>ORDER ON MOTION FOR RECONSIDERATION |

This matter is before the Court for a ruling on defendant BNSF's motion for reconsideration. Dkt. # 168. Defendant asks for reconsideration of the Court's October 25, 2010 Order denying defendant's motion for partial summary judgment regarding the "after-acquired evidence" rule. Dkt. ##155, 168. Defendant argued in the summary judgment motion that the rule should be applied to limit plaintiff's damages in this case, because it had learned that plaintiff accepted employment with a different company while on Family Medical Leave ("FMLA leave") in violation of BNSF policy. Pursuant to Local Rules CR 7(e)(1) and CR 7(h)(3), the Court struck excess pages from the motion for reconsideration, and then directed

plaintiff to respond. Dkt. # 185. The matter is now fully briefed, and the Court has not considered any material submitted with the excess pages in the motion. For the reasons set forth below, defendant's motion shall be granted.

## DISCUSSION

Motions for reconsideration are disfavored, and they will be denied in the absence of "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier. . . ." Local Rule CR 7(h)(1). The facts of this matter are well-known to the parties and the Court, and they need not be recited here. Defendant contends that the Court erred in denying the motion on the basis of defendant's failure to produce written evidence of defendant's FMLA policy in 2002. This was in fact the sole basis for denial of defendant's motion regarding after-acquired evidence. Order on Motion for Partial Summary Judgment, Dkt. # 155, p. 3.

The after-acquired evidence doctrine is an affirmative defense to an employment discrimination claim. It permits an employer to avoid some liability by showing that it would have terminated an employee for wrongdoing discovered **after** a wrongful termination, had the employer known of the wrongdoing **prior** to the wrongful termination. *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 360-62 (1995); *Shnidrig v. Columbia Mach., Inc.*, 80 F3d 1406, 1412 (9th Cir1996), *cert denied*, 519 U.S. 927 (1996); *O'Day v. McDonnel Douglas Helicopter Company*, 79 F3d 756, 759 (9th Cir1996). To establish this defense, defendant must (1) present after-acquired evidence of an employee's misconduct; and (2) prove by a preponderance of the evidence that it would have fired the employee for that misconduct. *O'Day*, 79 F3d at 759. If defendant prevails on this defense, plaintiff may be precluded from seeking certain remedies. *McKennon*, 513 U.S. at 361-62.

Defendant presented in the summary judgment motion undisputed evidence that plaintiff was employed by Tacoma Rail for a period in 2002 while he was on FMLA leave from his job with BNSF. Plaintiff denies that this was misconduct, but he cannot deny that he accepted the outside work while on FMLA leave. To prevail on this affirmative defense, defendant must prove by a preponderance of the evidence that it would have fired plaintiff had it known of his employment with Tacoma Rail. *O'Day*, 79 F3d at 759. Defendant asserts in the motion for reconsideration that sufficient evidence was presented with the summary judgment motion to meet the preponderance of evidence standard without an actual copy of the 2002 policy, which cannot be found. The Court agrees.

The evidence produced by defendant in support of the summary judgment motion includes, among other documents and declarations, written copies of the BNSF policy on FMLA leave in 2001 and 2003; a copy of the "Questions and Answers Regarding Burlington Northern and Santa Fe's Family and Medical Leave Policy," dated June 5, 2003; and declarations by BNSF managers regarding BNSF policy on FMLA and how plaintiff's outside employment would have been handled had the employer known of it at the time. The Declaration of Jason Ringstad, formerly Director of Employer Performance, affirmatively establishes that under BNSF policy in 2002 an employee was prohibited from taking outside employment while on FMLA leave. Dkt. # 79. The Declaration of Rick Collins, who was Superintendent of Field Operations in 2002, affirmatively states that

> [i]f I had learned that Mr. Urrutia had asked for FMLA leave from BNSF for twelve weeks to ostensibly care for his child, but instead spent the entire twelve weeks working for Tacoma Rail, I would have scheduled an investigation in order to confirm these facts. Under these circumstances, if the investigation had revealed that Mr. Urrutia worked while on FMLA leave (which he apparently did), I undoubtably [sic] would have terminated him.

Declaration of Rick Collins, Dkt. # 77. The Court has reconsidered its ruling that a copy of the 2002 FMLA policy is necessary to prove what that policy was, and now finds that defendant has established, by a preponderance of the evidence, that under FMLA policy in place in 2002 it was forbidden to take outside employment while on FMLA leave, and that had BNSF known of this outside employment at the time, it would have terminated plaintiff. The Declaration of Rick Collins leaves no room for doubt or speculation on this issue.

In arguing against reconsideration, plaintiff contends that the analysis leading to application of the after-acquired evidence rule includes review of company policy as well as the application of "common sense." Plaintiff's Response, Dkt. # 187, p. 2. Plaintiff argues that the rule should not apply here because his conduct was not as egregious as that described in cases applying the rule, and BNSF suffered no harm from his conduct. *Id*. However, a showing of harm is not required. Further, application of common sense would lead to the conclusion that an employee who applies for FMLA leave to care for his child, and then takes a position with another employer instead of caring for the child, is not using the FMLA leave for the purpose stated on his application. This renders that application false.

The Court notes that plaintiff has moved *in limine* to exclude at trial any evidence of his employment with Tacoma Rail. Plaintiff's Motions in Limine, Dkt. # 179, ¶ 8. Plaintiff contends that this evidence is highly prejudicial to him and "irrelevant to the issues at hand." *Id*. The Court agrees that the evidence is prejudicial as it calls into question plaintiff's credibility, but it is directly relevant to defendant's affirmative defense on after-acquired evidence. Were the Court to deny reconsideration and let defendant's affirmative defense go to trial, the jury would necessarily hear this evidence. Only after granting defendant's motion for reconsideration can the Court consider plaintiff's motion *in limine* on this issue.

1       The Court finds, upon reconsideration, that defendant has presented evidence which
2 establishes by a preponderance of the evidence that plaintiff took outside employment while on
3 FMLA leave; that such outside employment while on FMLA was prohibited under BNSF
4 policy; and that BNSF would in fact have terminated his employment had it known of the
5 outside employment at the time. No reasonable juror could find otherwise. Defendant's
6 motion for reconsideration (Dkt. # 168) is accordingly GRANTED. Defendant is entitled to
7 summary judgment on its affirmative defense under the after-acquired evidence rule, and
8 plaintiff's damages, should he prevail on his claim under the Washington Law Against
9 Discrimination, shall be limited accordingly.

11       Dated November 30, 2010.

                                    RICARDO S. MARTINEZ
                                    UNITED STATES DISTRICT JUDGE